J-A32013-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHERRILYN D. WASHINGTON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| HARRY E. HAMILTON | : | No. 124 MDA 2017 |

Appeal from the Order Entered December 1, 2016
in the Court of Common Pleas of Centre County
Civil Division at No(s): 04-2534

BEFORE:   OTT, DUBOW, and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

**FILED SEPTEMBER 12, 2018**

I join the Majority memorandum except for its analysis of the parties' date of separation.

With respect to that issue, the Divorce Code provides that "[i]n the event a complaint in divorce is filed and served, it shall be presumed that the parties commenced to live separate and apart **not later** than the date that the complaint was served." 23 Pa.C.S. § 3103 (emphasis added).  Here, neither party is arguing that the date of separation was later than the service of the complaint; instead, the parties are arguing that it was either the date of service (Wife) or earlier (Husband).  Accordingly, use of a presumption, as applied by the Majority, is not appropriate.

However, I agree with the Majority's conclusion that there was no error or abuse of discretion by the trial court.  The trial court considered the

_____
*Retired Senior Judge assigned to the Superior Court.

testimony of both Husband and Wife and credited Wife's testimony that marital relations ceased in November 2001, shortly after both of Husband's sons were born. It also credited Husband's testimony that after that date the parties led separate lives, even though they were sometimes under the same roof. Such a conclusion was neither error nor abuse of discretion, and therefore Wife is not entitled to relief on this issue.